IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIANA K. SMITH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | 8:20CV176<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's motion for attorney fees in the amount of $2,936.31 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Filing No. 25. The defendant does not object to the Plaintiff's request for fees. Filing No. 26.

The EAJA provides for attorney fees if:

"(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed." *United States S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)-(2)(B)). The fees awarded must be reasonable. A reasonable fee under 28 U.S.C. § 2412 does not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

28 U.S.C. § 2412(D)(2)(A)(ii).

Furthermore, for a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. Substantial justification occurs when the Commissioner's position has a clearly reasonable basis in law and fact. The Commissioner bears the burden of proving that her position is substantially justified.

1

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). This Court previously determined the Commissioner's position was not substantially justified in this instance. Filing No. 23.

The Court finds that the Plaintiff is entitled to attorney fees under the EAJA. The Plaintiff is the prevailing party. Additionally, the Plaintiff's net worth did not exceed $2,000,000 at the time the civil action was filed. Filing No. 25, ¶ 6. Plaintiff requests attorney's fees totaling $2,936.31 as set forth in the itemization of time for 2020 and 2021. Filing No. 25-2. Plaintiff requests an hourly rate of $225.00 for both Wes Kappelman and Mr. Cuddigan. However, based on the cost-of-living adjustments, suggests adjusted rates of $207.78 for 2020 and $212.86 for 2021 for both attorneys. Filing No. 25-1 ¶ 8. Plaintiff bases this request on the fact that the cost of living has increased substantially since 1996. Filing No. 25-3, ¶¶ 6-8. An increase for the cost of living is generally allowed. *Johnston v. Sullivan*, 919 F.2d 503, 508-10 (8th Cir. 1990).

The Court finds the increase in cost of living justifies a fee higher than $125 an hour and that the rates requested by the Plaintiff are reasonable. The Court further finds that counsel is an experienced social security disability attorney whose work since 2014 has consisted of at least 50 percent Social Security law. Filing No. 25-1, ¶¶ 2-3. Plaintiff's counsel does not generally charge an hourly fee due to his clients' indigence but states the market rate for the work performed is $225.00/hour or more. Filing No. 25-1, ¶ 4. The Court has carefully reviewed the hours submitted and finds them to be reasonable in all respects. Thus, the Court concludes that both the amount requested, and the hours expended, are reasonable.

**THEREFORE, IT IS ORDERED that:**

1. The Plaintiff's motion for attorney fees, Filing No. 25, is granted.

2. Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $2,936.31 and costs in the amount of $400 (as costs are administered by the Department of Justice and are paid out of the Judgment Fund) are to be paid directly to Plaintiff Diana K. Smith in care of her attorney at the Kappelman Law Firm.

3. A separate judgment shall be entered in conjunction with this Memorandum and Order.

Dated this 7th day of October 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge