IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIANA K. SMITH,<br><br>        Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | 8:20CV176<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Plaintiff Diana K. Smith's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). Filing No. 29. The Plaintiff requests attorney fees under 42 U.S.C.A. § 406(b) in the amount of $8,336.50, equating to 25% of the back benefits awarded to the Plaintiff. Filing No. 29 at 1. The Acting Commissioner of Social Security does not object to awarding attorney fees under § 406(b), and they concur that the amount requested is within the 25% maximum. Filing No. 30. All that remains is for this Court to independently determine if the Plaintiff is entitled to attorney fees under this statute, and if the requested fee award is reasonable.

    I.     BACKGROUND

      This is an action to recover attorney fees for representing a claimant alleging entitlement to Social Security benefits under 42 U.S.C § 406(b). Diana Smith filed an application for disability benefits on July 10, 2017, alleging she began suffering from a disability on April 25, 2017. Filing No. 23 at 1. The Administrative Law Judge originally denied Ms. Smith's application, a denial which was finalized by the Commissioner. Filing No. 1 at 2. Ms. Smith then appealed her denial to this Court. Filing No. 1. Ms. Smith's

1

claim was reversed and remanded to the Social Security Administration for an immediate award of benefits. Filing No. 23 at 18; Filing No. 24.

Plaintiff entered into a fee agreement with her attorneys, Wes Kappelman and Timothy Cuddigan, in May of 2020. Filing No. 29 at 1; Filing No. 29-1. This fee agreement specified a contingency of 25% of back benefits awarded to Ms. Smith. Filing No. 29 at 1; Filing No. 29-1 at 1. The fee agreement states that if Ms. Smith's appeal is successful, Mr. Kappelman will file an application for payment of attorneys' fees from Ms. Smith's award of benefits. Filing No. 29-1 at 1. The attorneys' fees will be pursued first under the Equal Access to Justice Act (EAJA) and, if successful, then under 42 U.S.C § 406(b). Filing No. 29-1 at 1. As agreed, Mr. Kappelman filed an application for attorney fees under the EAJA, which has since been granted by this Court in the amount of $2,936.31. Filing No. 27; Filing No. 28.

In the agreement, attorneys agree to return the EAJA award to Ms. Smith if a § 406(b) motion is successful. Alternatively, under § 406(a) a minimum $6,000 will be paid to Mr. Cuddigan, while reserving the remainder for Mr. Kappelman under § 406(b). Ms. Smith signed this agreement. Filing No. 29-1 at 2. In anticipation of this motion under § 406(b), Mr. Kappelman has released the EAJA award amount to Ms. Smith, leaving Mr. Kappelman free to accept an award of fees pursuant to this motion. Filing No. 30 at 2; See Gisbrecht v. Barnhart, 535 U.S. 789, 789 (2002) (holding that double recovery is not permitted when an award of fees under both EAJA and § 406(b) are available). The attorney fees requested by Mr. Kappelman under § 406(b) is $2,336.50. This is based on counsels' accounting under § 406(a)(2)(A), twenty-five percent of the past-due benefits, minus the amount Mr. Cuddigan seeks under § 406(a) (which is $6,000).

II.   LAW

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." Gisbrecht, 535 U.S. at 805 (internal quotations omitted). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht, 535 U.S. at 807. However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, twenty-five percent of past-due benefits, is *per se* unreasonable. See id.; 42 U.S.C. § 406(b)(1)(A); see also Culbertson v. Berryhill, 202 L. Ed. 2d 469, 139 S. Ct. 517, 523 (2019) (holding that the twenty-five percent cap in § 406(b)(1)(A) (for representation before the agency) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) (for and (b)). If the contingency-fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. Gisbrecht, 535 U.S. at 807.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. Id. Although the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee

3

agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel. *Id.* at 807–08; *see Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017). A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id.*; *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

4

III.   DISCUSSION

Mr. Cuddigan requests $6,000 under § 406(a), and Mr. Kappelman requests $2,336.50 under § 406(b). Filing No. 29 at 2. The amount the Social Security Agency withheld from Ms. Smith's past due benefits for attorney's fees is $8,336.50. Filing No. 29-2 at 3. According to the SSA, this withheld amount is 25-percent of Ms. Smith's past due benefits. Id. This Court conducted an independent review of the fee arrangement. Based on the favorable outcome achieved for Ms. Smith and the character of the representation, this Court finds that the fee of $2,336.50 requested by Mr. Kappelman under § 406(b) is reasonable, as is Mr. Cuddigan's requested amount of $6,000 under § 406(a).

Pursuant to the Court's statutory duty to award appropriate fees under § 406(b), the Court will also consider the existing contingent-fee agreement. Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002); Filing No. 29-2. The contingent fee agreement does not request fees in excess of 25% of Ms. Smith's recovered benefits. The signed contingent fee agreement is at or below the contingent fee boundary and is thus reasonable.

The next question is whether the fee sought is "reasonable in proportion to the services rendered. Gisbrecht, 535 U.S. at 807. This request reasonably applies the relevant provisions of § 406(a) and (b) by first limiting recovery to Congress' "boundary line" of 25% of the past-due benefits. Then, to afford § 406(b) recovery, by reducing fees under § 406(a) to pay fees under § 406(b). Gisbrecht, 535 U.S. at 807. Moreover, both attorneys spent a reasonable amount of time on Ms. Smith's case and, in light of their expertise in social security matters, the fees sought are reasonable.

The Court considers the hourly rate and number of hours to ensure the attorneys are not receiving a "windfall" in fees compared to the number of hours worked. *See Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989). Here, the attorneys jointly provided 14.1 hours in total at a "hypothetical hourly rate" of $165.71/hour. Filing No. 29 at 2. The Plaintiffs attach an itemization of time with their filing. Filing No. 29-4. Therein, the attorneys account for the hours each spent working on Ms. Smith's case and their respective hourly rates. *Rodriguez*, 865 F.2d at 747 (6th Cir. 1989).. In 2020, Mr. Cuddigan expended 1.1 hours at a billable rate of $207.78. In 2021, he billed 0.8 hours at the rate of $212.86. Filing No. 29-4 at 2. Mr. Kappelman performed 11.7 hours of work in 2020, and 0.5 hours in 2021 for the same rates as Mr. Cuddigan. Based on the accounted-for hours and the hypothetical hourly rate, the Court is confident that the fees each attorney requests are in keeping with the number of hours expended on behalf of Ms. Smith's appeal and neither attorney would receive a windfall in fees.

Finally, there are no indications that the attorneys' performance merits downward adjustment for delay or filing boilerplate pleadings or ineffective assistance. Thus, this Court finds the request reasonable and grants plaintiff's motion for attorneys' fees under § 406(b).

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion for attorneys' fees under 42 U.S.C § 406(b), Filing No. 29, is granted.
2. Attorney Mr. Cuddigan is awarded $6,000 under 42 U.S.C. § 406(a).
3. Attorney Mr. Kappelman is awarded $2,336.50 under 42 U.S.C § 406(b)(1).

6

4. A Judgment in accordance with this Memorandum and Order will issue on this date.

Dated this 14th day of December, 2022.

                                                  BY THE COURT:

                                                  s/ Joseph F. Bataillon
                                                  Senior United States District Judge